# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

01 MAY 31  AM 10: 03

... DISTRICT COURT
N.D. OF ALABAMA

BOBBY W. DAVIS,  }
   }
    Plaintiff,  }
   }
v.  }  CASE NO. CV 00-B-2420-S
   }
WILLIAM J. HENDERSON,  }
Postmaster General,  }
   }
    Defendant.  }

ENTERED

MAY 3 1 2001

## MEMORANDUM OPINION

This case is before the court on defendant's unopposed Motion for Summary Judgment. Upon consideration of the record, the submissions of the defendant, and the relevant law, the court is of the opinion that defendant's Motion is due to be granted.

In this suit, plaintiff alleges that the excuse used for his termination from the United States Postal Service, that he had falsified information on his job application PS Form 259, was a pretext for discrimination against him because of his race and/or disability. Plaintiff claims that while he did not provide all of the information requested on his application, he did not intentionally falsify the application, and such an allegation by the post office was simply a pretext for discrimination.

On April 5, 2001, defendant filed the Motion for Summary Judgment presently before the court. At the time of filing of defendant's Motion, plaintiff was proceeding pro se. The court entered an Order on April 11, 2001, notifying plaintiff of his right to file affidavits or other materials in opposition to the Motion and to notify plaintiff of the consequences of default. A copy of Rule 56 of the Federal Rules of Civil Procedure was attached to the court's Order. The

plaintiff was directed to file any opposition to defendant's Motion for Summary Judgment on or before May 7, 2001. Having received no opposition from plaintiff, this matter is now ripe for decision.

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of her case on which she bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a) and (b). Once the moving party has met its burden, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if summary judgment is otherwise appropriate.

Applying the standards governing summary judgment to the facts of this case, the court concludes that there is no genuine issue as to any material fact, and defendant is entitled to a judgment as a matter of law. Plaintiff has not come forward with **any** evidence, much less evidence showing a dispute as to any factual contention of defendant. Thus, plaintiff has not

only failed to meet his burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex,* 477 U.S. at 324, but also, and most importantly, the facts and law applicable to this case warrant granting of summary judgment for defendant.  Consequently, the court holds that defendant's Motion for Summary Judgment is due to be granted. An order granting defendant's Motion for Summary Judgment will be entered contemporaneously with this Opinion.

    **DONE** this ___ day of May, 2001.

**SHARON LOVELACE BLACKBURN**
United States District Judge

3